I concur in the result reached in the main opinion — that the $2-million general verdict against Gray Brown-Service Mortuary, Inc. ("Gray Brown-Service"), and in favor of Fred Patrick Lloyd, Jr., is not excessive. I write separately to explain that although I would generally remand a case to have the trial court remedy a failure to specifically allocate a general verdict into compensatory and punitive-damages awards, the trial court's specific conclusions in reviewing the question of excessiveness of the award, and the egregious facts of this particular case, obviate the necessity for remand.
As I explained in Union Security Life Ins. Co. v. Crocker,709 So.2d 1118, 1125-28 (Ala. 1997) (See, J., dissenting). Any review of the appropriateness of a punitive-damages award is arbitrary unless the amounts of punitive and compensatory damages are known. Id. at 1126. According, when a jury returns a general verdict, the trial court should generally allocate the award between punitive and compensatory damages, as part of its review of the award for excessiveness. Id. at 1126. In this case, the trial court engaged in an extensive analysis, as required byHammond v. City of Gadsden, 493 So.2d 1374 (Ala. 1986), and Green Oil Co. v. Hornsby, 539 So.2d 218 (Ala. 1989), but it failed to determine how much of the award made by the general verdict is compensatory damages and how much of the award is punitive damages. In these circumstances, I would generally remand the case for such a determination by the trial court. However, despite the trial court's failure to specifically allocate the general award into compensatory and punitive damages, the trial court's analysis of the potential compensatory damages concluded that "the evidence presented at trial would support a very large award of compensatory damages and that any compensatory damagesawarded by the jury was not so excessive as to warrant remittitur." (Emphasis added.) Moreover, the trial court concluded that "[w]hether the award is considered from a compensatory perspective, a punitive perspective, or as a whole, the Court can find no rationale for granting any remittitur." A fair reading of the trial court's order indicates that the trial judge concluded that the jury could have awarded up to $2 million in compensatory damages. Because the egregious evidence in this particular case would indeed justify a $2-million compensatory damages award, the trial court did not abuse its discretion in denying Gray Brown-Service's motion for a remittitur.
MADDOX, J., concurs.